inmate rule 113.10. After taking the testimony of several witnesses, the hearing officer found petitioner guilty of both charges.

Pursuant to stipulation of the attorneys, Special Term ordered that the charge of failing to submit to urinalysis be expunged from petitioner's records. The court also ordered the charge of refusing a direct order to be nullified and expunged. That was error.

Petitioner's refusal to submit to the urine test is subject to discipline as a refusal to obey a direct order *(see, Matter of Karaminites v Reid,* 108 AD2d 912, 913, *appeal dismissed* 65 NY2d 784) and, inasmuch as petitioner pleaded guilty to that charge, he cannot now assert that the determination at the hearing was not supported by substantial evidence *(see, People ex rel. Bridges v Smith,* 105 AD2d 1142).

We have examined the other issues raised and find them lacking in merit. (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Denman, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENIA ALLISON, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: We find no evidence in the trial record which tends to establish that the prosecutor knowingly used what defendant describes as "perjured testimony" of George Eckles, an accomplice of defendant, that no promise of a reduced plea had been offered in exchange for his testimony. In addition, defendant's CPL 440.30 motion to vacate the judgment, based on the same claim, and grounded on the affidavit of Eckles, who sought to recant his trial testimony, was properly denied without a hearing since "[t]here is no form of proof so unreliable as recanting testimony" *(People v Shilitano,* 218 NY 161, 170; *see also, People v Donald,* 107 AD2d 818, 819; *People v Dukes,* 106 AD2d 906, 907). Defendant's remaining claims of improper bolstering, restrictions on Eckles' cross-examination and vouching by the prosecutor for Eckles' veracity on summation have been examined and found to be without merit. (Appeal from judgment of Monroe County Court, Barr, J.—robbery, second degree.) Present—Denman, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENIA ALLISON, Appellant. (Appeal No. 2.)—Order unanimously affirmed. Same memorandum as in *People v Allison* ([appeal No. 1], 119 AD2d 1005). (Appeal from order of Monroe

County Court, Barr, J.—CPL 440.10.) Present—Denman, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ DONA M. KENNEY et al., Respondents, v GASPARE AMODEI, Appellant.—Judgment unanimously reversed, on the law, without costs, and new trial granted. Memorandum: The trial court erred in receiving, over defendant's objection, testimony from one of plaintiff's treating physicians, based on his examination conducted the day before trial commenced, that plaintiff suffered a permanent neck injury. This testimony should have been precluded because plaintiff did not mention this specific injury in her bill of particulars (CPLR 3042 [c]), and did not timely disclose the doctor's findings as required by this department's rules (22 NYCRR 1024.25 [c], [e]; *Cramer v Toledo Scale Co.,* 89 AD2d 1059, 1060). Had the doctor's testimony properly been excluded, plaintiff may not have been able to establish that she suffered a "serious injury" *(see,* Insurance Law § 5102 [d]; *Licari v Elliott,* 57 NY2d 230; *cf. Mooney v Ovitt,* 100 AD2d 702, 704). (Appeal from judgment of Supreme Court, Onondaga County, Sullivan, J.—personal injury.) Present—Denman, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of MARIE JOHNSON, Respondent, v ONEIDA COUNTY SHERIFF'S DEPARTMENT, Petitioner.—Determination annulled, on the law, without costs, and complaint dismissed. Memorandum: Complainant, a female Deputy Sheriff, ranked third on the civil service promotion list for the position of sergeant. When a vacancy for sergeant occurred in the male housing unit in the jail, the Sheriff passed over complainant and appointed a male candidate who had a lower score on the promotion examination. She filed a complaint with the State Division of Human Rights charging respondent with an unlawful discriminatory practice. Based on the hearing testimony and the findings of the Administrative Law Judge, the Commissioner held that respondent had failed to prove that sex was a bona fide occupational qualification for appointment to the position of sergeant. He thus ordered the respondent to appoint complainant to the position and award her pecuniary damages. That determination must be annulled.

The uncontradicted testimony of the Sheriff was that sergeants are required to conduct daily announced and unannounced inspections of cellblock areas to monitor security and sanitation conditions and, since inmates' toilet and shower facilities are in open view to personnel walking by the cells, it